UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRIAN COFER,

   Plaintiff,

v.

GARY M. LANIGAN, et al.,

   Defendants.

Civ. No. 18-9590 (RBK) (KMW)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff, Brian Cofer, is a state prisoner. He is proceeding *pro se* with a civil rights complaint. Plaintiff was incarcerated at the South Woods State Prison ("SWSP") at the time of the events giving rise to his complaint. Plaintiff was previously granted *in forma pauperis* status.

This Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or whether it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be permitted to proceed in part.

## II. BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening opinion. Plaintiff names the following as defendants in his complaint: (1) Gary M. Lanigan – Commissioner; (2) Willie Bonds – Administrator; (3) Sergeant John Doe; (4) Lieutenant Ware; (5) Officer Vargas; (6) SID Investigator Petit; (7) SID Investigator John Doe; (8) Officers John Doe 1-100; (9) Officers Jane Doe 1-100; (10) Inmate Walter Sosa; (11) Manual Mattias; and (12) the Master Lock Company.

Plaintiff asserts that he was incarcerated at SWSP in March, 2018. Vargas, a correctional officer at SWSP, entered plaintiff's dormitory to conduct a head count. After completing his count, Sammy Cedano, an inmate, began to strike plaintiff on the head, face and body with a combination lock attached to a cloth string, commonly known as a "lock in a sock." Vargas observed the attack and activated his emergency button while Cedano was striking plaintiff. As Cedano continued his attack, Vargas exited the dormitory.

While Vargas was absent, Cedano broke the combination lock after having struck plaintiff approximately twenty times. However, Cedano assembled another "lock in a sock." Thereafter, Cedano began to strike plaintiff again approximately a dozen more times.

In the midst of this second attack by Cedano, Vargas returned with additional officers and ordered Cedano to stop hitting plaintiff. Cedano complied with the officers' orders.

Cedano and plaintiff were then both handcuffed. Plaintiff was then taken to the nurses' office for treatment.

Sergeant John Doe questioned plaintiff about the attack. Plaintiff recounted the events to him. Vargas also gave an account that was similar to plaintiff's version. Ware also questioned plaintiff. Furthermore, plaintiff was later questioned by Investigators Petit and John Doe.

Plaintiff was not charged with any infraction. Evidence was gathered from the scene which included one broken combination lock and one intact combination lock along with the cloth sling.

According to plaintiff, the two locks used in the attack were from inmates Sosa and Mattias. Sosa and Mattias were given sanctions because their locks were not properly secured and were used in the attack on plaintiff.

Following the investigation, plaintiff returned to the same dormitory. Thereafter, Sergeant John Doe asked plaintiff aloud in his dormitory whether he wished to file charges against his attacker as well as whether he wished to be placed in protective custody. Plaintiff declined both offers.

Plaintiff asserts that a prison gang was behind the attack on him and that they intended to attack plaintiff again. Plaintiff states that Cedano had attacked another inmate previously using a "lock in a sock" at the Southern State Correctional Facility before he attacked plaintiff at SWSP. Plaintiff claims that this attack was known to SWSP personnel.

Plaintiff alleges that he experienced debilitating effects for several days after the attack as well as nightmares and anxiety.

Plaintiff states that Lanigan is liable because he failed to ensure that Bonds carry out a policy to curb violent acts of inmates with a documented history of violence.

Bonds is purportedly liable because he failed to ensure that his subordinates took precautions to prevent the classification of an inmate with a known history of violence to be placed in a minimum security dormitory.

Ware, Sergeant John Doe as well as Investigators Petit and John Doe are liable according to plaintiff because they failed to place plaintiff in protective custody following the assault.

Furthermore, plaintiff alleges that all the defendants are liable under the Eighth Amendment by showing deliberate indifference to plaintiff's need for safety.

Plaintiff states that the Master Lock Company is liable under the Eighth Amendment and for negligence.

Finally, plaintiff states that Sosa and Mattias are liable under the Eighth Amendment for failing to have their combination locks secured.

Plaintiff seeks monetary damages as relief.

### III. LEGAL STANDARDS

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *see* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); *Courteau v. United States*, 287 Fed.Appx. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014)

(quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

# IV. DISCUSSION

A. Vargas

Plaintiff appears to be asserting two different claims against Vargas. First, that Vargas failed to protect him; second, that Vargas failed to intervene when the inmate began beating plaintiff. Both are considered in turn.

### i. *Failure to Protect*

To state a claim against a prison official for failure to protect, "the inmate must plead facts that show: (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997)). "Deliberate indifference" is a subjective standard where "'the prison official-defendant must actually have known of or been aware of the excessive risk to inmate safety.'" *Id.* (citing *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)). As noted by the Third Circuit:

> It is not sufficient that the official should have known of the risk. [*Beers Capitol*, 256 F.3d at] 133. A plaintiff can, however, prove an official's actual knowledge of a substantial risk to his safety "in the usual ways, including interference from circumstantial evidence." *Farmer*, 511 U.S. at 842. In other words, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.*

*Bistrian*, 696 F.3d at 367.

In this case, plaintiff fails to allege with any facial plausibility that Vargas was deliberately indifferent as he does not allege that Vargas knew of a substantial risk to plaintiff's safety. While it is true that plaintiff alleges that Cedano had been known to attack other inmates

6

with a "lock in a sock," the complaint is devoid of any allegations that Vargas possessed this information.[1] Accordingly, plaintiff's failure to protect claim against Vargas will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

        ii.       *Failure to Intervene*

This Court also construes the complaint as attempting to bring a failure to intervene claim against Vargas for not intervening when Cedano began to beat plaintiff. According to the complaint, Vargas, who observed the attack as it was occurring, activated his emergency button, spoke into his walkie-talkie, and then exited the dorm without intervening initially.

The Third Circuit has held "that a corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so." *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002). At this early stage, this Court will permit plaintiff's claim against Vargas for failing to intervene to proceed past screening in light of plaintiff's allegation that Vargas exited the room while plaintiff was being beaten.

  B. <u>Sosa & Mattias</u>

Plaintiff also attempts to sue inmates Sosa and Mattias under the Eighth Amendment for failing to secure their combination locks that were used to attack plaintiff. Plaintiff allegations

---

[1] Similarly, to the extent that plaintiff is alleging this claim against other defendants, it fails to state a claim with any facial plausibility because plaintiff fails to allege that other defendants possessed this information. Furthermore, Plaintiff appears to be asserting a deliberate indifference claim against the defendants for failing to control metal combination locks. (*See* ECF No 1 at 8). Plaintiff alleges that Cedano had previously attacked another inmate with a "lock in a sock" while he was incarcerated at Southern State Correctional Facility. (*See id.* at 7). However, the complaint is devoid of any allegations stated with any facial plausibility that the defendants *at SWSP*, where plaintiff was incarcerated and attacked by Cedano, had any knowledge or were aware of the "lock in a sock" problem. Accordingly, this claim will also be dismissed without prejudice for failure to state a claim upon which relief may be granted.

against these two inmate defendants do not state a claim under § 1983. Indeed, it is not alleged that Sosa or Mattias acted on behalf of the state or conspired with the state to deny plaintiff of his constitutional rights. *See, e.g.*, *Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011) (fellow inmate who assaulted plaintiff not a state actor and did not act under color of state law so cannot be liable under § 1983). Accordingly, this Court will dismiss plaintiff's claims against these two defendants without prejudice for failure to state a claim.

C. Lanigan & Bonds

Plaintiff next attempts to bring claims against Lanigan and Bonds. Plaintiff is suing Lanigan and Bonds in both their official and individual capacities for monetary damages.

i. *Official Capacity*

Plaintiff's claims against Lanigan and Bonds for monetary damages in their official capacities will be dismissed with prejudice. Indeed, a state official sued in his official capacity for monetary damages is not a "person" for purposes of Section 1983. *See House v. Fisher*, No. 14-2133, 2016 WL 538648, at *7 (M.D. Pa. Feb. 11, 2016) (citing *Will*, 491 U.S. at 63-71); *Goode v. New Jersey Dep't of Corrections*, No. 11-6960, 2015 WL 1924409, at *10 (D.N.J. Apr. 28, 2015) (state officials sued in official capacities for monetary damages are not "persons" within meaning of Section 1983); *Johnson v. Mondrosch*, No. 13-3461, 2013 WL 12085239, at *3 (E.D. Pa. Dec. 3, 2013) (same).

ii. *Individual Capacity*

Plaintiff also sues Lanigan and Bonds in their individual capacities. Plaintiff cannot rely solely on a *respondeat superior* theory of liability against these two defendants for relief under § 1983. *See Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) ("Section 1983 liability cannot be found solely on the basis of *respondeat superior*.") Instead, plaintiff must allege that a

supervisor had a personal involvement in the in the alleged wrongs. *See Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted).

With respect to supervisors, the United States Court of Appeals for the Third Circuit has

> recognized that "there are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010) (quotation and alteration marks omitted).

*Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016).

At this early screening stage, this Court will permit plaintiff's claims to proceed against Lanigan and Bonds under a theory that they carried out a policy/practice of failing to take precautions to curb violent acts by inmates with a documented history of violence.

D. <u>Lieutenant Ware, Sergeant John Doe, Investigators Petit and John Doe</u>

Next, plaintiff alleges that Lieutenant Ware, Sergeant John Doe, Investigators Petit and John Doe were deliberately indifferent by failing to place plaintiff in protective custody following the assault. Plaintiff claims this constituted deliberate indifference to his need for safety.

The complaint fails to state a deliberate indifference claim against these defendants for failing to protect him. At the outset, plaintiff was given the opportunity to be placed in protective custody after the attack. He refused. Furthermore, plaintiff fails to allege that failing to place him in protective custody after this attack caused him harm. Accordingly, this failure to protect claim against these defendants will be dismissed without prejudice.

9

E. Master Lock Company

Finally, plaintiff attempts to sue the Master Lock Company for negligence. The New Jersey Supreme Court has stated as follows:

> To sustain a cause of action for negligence, a plaintiff must establish four elements: "'(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages.'" *Polzo v. Cnty. of Essex,* 196 N.J. 569, 584, 960 A.2d 375 (2008) (alterations omitted) (quoting *Weinberg v. Dinger,* 106 N.J. 469, 484, 524 A.2d 366 (1987)). A "plaintiff bears the burden of establishing those elements 'by some competent proof.'" *Davis v. Brickman Landscaping, Ltd.,* 219 N.J. 395, 406, 98 A.3d 1173 (2014) (citing *Buckelew v. Grossbard,* 87 N.J. 512, 525, 435 A.2d 1150 (1981); *Overby v. Union Laundry Co.,* 28 N.J. Super. 100, 104, 100 A.2d 205 (App. Div.1953), *aff'd o.b.,* 14 N.J. 526, 103 A.2d 404 (1954)). Proximate cause consists of "'any cause which in the natural and continuous sequence, unbroken by an efficient intervening cause, produces the result complained of and without which the result would not have occurred.'" *Conklin v. Hannoch Weisman,* 145 N.J. 395, 418, 678 A.2d 1060 (1996) (quoting *Fernandez v. Baruch,* 96 N.J. Super. 125, 140, 232 A.2d 661 (App. Div.1967), *rev'd on other grounds,* 52 N.J. 127, 244 A.2d 109 (1968)); *Dawson v. Bunker Hill Plaza Assocs.,* 289 N.J. Super. 309, 322, 673 A.2d 847 (App. Div.), *certif. denied,* 146 N.J. 569, 683 A.2d 1164 (1996).

*Townsend v. Pierre*, 110 A.3d 52, 61 (N.J. 2015). This Court finds that plaintiff fails to state a claim of negligence. The complaint does not sufficiently allege "proximate cause." Plaintiff admits that the combination lock was improperly used by the attacking inmate when he used the combination lock to create a weapon, the "lock in a sock." The allegations indicate that there was no "natural and continuous sequence," but rather an intervening cause such that his negligence claim fails to state a claim upon which relief can be granted against Master Lock, presumably the manufacturer of the combination lock.

Additionally, to the extent that plaintiff may be attempting to bring a § 1983 claim against Master Lock, he fails to state a claim because he does not allege with any facial plausibility that Master Lock, a private corporation, was "acting under color of state law." *See*

*e.g.*, *Pennsylvania Gen. Energy Co., LLC v. Grant Township*, No. 14-209, 2017 WL 1215444, at *5 (W.D. Pa. Mar. 31, 2017) ("Generally, a private corporation does not act under color of state law and a legal claim against such a private actor under § 1983 fails.") (citing *Rendall-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (citing *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982)).

## V.  CONCLUSION

For the foregoing reasons, plaintiff's complaint will be permitted to proceed in part. Plaintiff's failure to intervene claim against Vargas as well as plaintiff's claims against Lanigan and Bonds under a theory that they carried out a policy/practice of failing to take precautions to curb violent acts by inmates with a documented history of violence will be permitted to proceed. All other claims are dismissed. An appropriate order will be entered.


DATED:  April 19, 2019                               s/Robert B. Kugler_____
                                                     ROBERT B. KUGLER
                                                     United States District Judge